UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LOURDES LIANET ALFARO,

       Plaintiff,                                    CASE NO.

v.

CITY OF HIALEAH, a municipality,
RALEIGH FLOWERS, in his individual and
official capacity as Major for the Hialeah Police
Department, and WILLIAM J. JACKSON in
his individual and official capacity as Sergeant
for the Hialeah Police Department,

       Defendants.

_____/

## COMPLAINT

Plaintiff, LOURDES LIANET ALFARO, by and through the undersigned counsel, hereby files this Complaint and demand for jury trial against Defendant, CITY OF HIALEAH, RALEIGH FLOWERS, and WILLIAM J. JACKSON for violations of her rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760, and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employer, Defendant CITY OF HIALEAH, RALEIGH FLOWERS, in his individual and official capacity, and WILLIAM J. JACKSON, in his individual and official capacity, for race, national origin and sex discrimination as well as retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. §1983; the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, et. seq.; and the

Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760. Plaintiff seeks damages and reasonable attorneys' fees and costs against Defendants.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1334 because the matters in controversy arise under the Constitution and laws of the United States; and 28 U.S.C. §1367(a).

## VENUE

3. Venue is appropriate in this Court under 28 U.S.C. §1391(b) because Defendants' acts and/or omissions that gave rise to Plaintiff's claims took place within Miami-Dade County, Florida, which is situated within the Southern District of Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On November 9, 2016, the U.S. Equal Employment Opportunity Commission issued a notice of Plaintiff's right to sue.

5. Plaintiff has exhausted all administrative remedies required under the law to bring this action against Defendants.

## PARTIES

6. At all times material hereto, Plaintiff has resided in Miami-Dade County, Florida.

7. Plaintiff is a white, Hispanic female.

8. Plaintiff was employed by Defendant from on or about January 3, 2006 through the present—at all times material hereto, Plaintiff was an employee pursuant to the Civil Rights

Act of 1866, 42 U.S.C. §1983; the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, et. seq.; and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760.

9. At all times material hereto, Defendant, CITY OF HIALEAH, was an employer pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1983; the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, et. seq.; and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760, located in Hialeah, Miami-Dade County, Florida.

10. At all times material hereto, Defendant CITY OF HIALEAH, had fifteen (15) or more employees.

11. Defendant, RALEIGH FLOWERS, (hereinafter "Flowers" or "Major Flowers") all times relevant to this action was a major at the Hialeah Police Department, responsible for managing and overseeing the daily operations of the Personnel Selections Unit, Police Training Bureau, Records and Data Entry Division and various other units.  He is responsible for the policies, practices and customs of the HPD, including all policies, practices and customs challenged herein as unlawfully applied to Plaintiff.  At all times relevant to this action, Defendant, FLOWERS, was an employee of the Defendant, CITY, and acting within the scope and course of his employment, and, in all of the acts specifically set forth herein, this Defendant was acting under color of state law.  FLOWERS targeted Plaintiff for being a Hispanic and a woman and because she filed a complaint of discrimination with the EEOC against the HPD. FLOWERS also directed, authorized, ratified and condoned the unlawful conduct of other officers as challenged herein.  FLOWERS is sued in his individual capacity for compensatory and punitive damages.

12. Defendant, WILLIAM J. JACKSON, (hereinafter "Jackson" or "Sergeant Jackson") all times relevant to this action was a sergeant at the Hialeah Police Department, and

through the direction of Defendant, FLOWERS, was responsible for managing and overseeing the daily operations of the Records and Data Entry Division. He all times relevant to this action was Plaintiff's immediate supervisor. At all times relevant to this action, Defendant, JACKSON, was an employee of the Defendant, CITY, and acting within the scope and course of his employment, and, in all of the acts specifically set forth herein, this Defendant was acting under color of state law. JACKSON targeted Plaintiff for being a Hispanic and a woman and because she filed a complaint of discrimination with the EEOC against the HPD. JACKSON also directed, authorized, ratified and condoned the unlawful conduct of other officers as challenged herein. JACKSON is sued in his individual capacity for compensatory and punitive damages.

## STATEMENT OF CLAIM

13. All conditions precedent to the institution and maintenance of this cause of action have been met.

14. On January 17, 2014, Plaintiff filed a claim with the Florida Commission on Human Relations, which was dual filed with the U.S. Equal Employment Opportunity Commission, and more than one hundred and eighty (180) days have passed since the filing of said claim. A copy of said claim is attached hereto as Exhibit "A."

15. On November 9, 2016, the U.S. Equal Employment Opportunity Commission issued a notice of Plaintiff's right to sue attached hereto as Exhibit "B."

16. Plaintiff has retained the law firm Corona Law Firm, P.A. to represent her in this matter, and Plaintiff has agreed to pay said firm reasonable attorneys' fee for its services.

## COMMON ALLEGATIONS OF FACT

17. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

18.     Plaintiff began working for the Defendant on or about January 3, 2006 as a Clerk Typist I in the Records Unit.

19.     On or about December 2012, after completing all required training and prerequisites successfully, Plaintiff was promoted to Crime Scene Technician by Major Phillip Dard.

20.     Plaintiff held the position of Crime Scene Technician until April 2013 when she was demoted by Major Flowers, who replaced Major Dard, back to the position of Clerk Typist I.

21.     Major Flowers, a black non-Hispanic male, replaced Plaintiff, a white Hispanic woman, with a less qualified black, non-Hispanic male.

22.     On or about July 17, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission—the charge was settled in mediation with the EEOC on or about September 20, 2013.

23.     Subsequent to the filing of the first EEOC charge, Plaintiff was subjected to various instances of retaliation for her complaint.

24.     Plaintiff was told by her supervisor, Sergeant Jackson, that there were supervisor positions available that she would never be recommended for because she filed the aforementioned charge.

25.     On or about December 2013, a Court Liaison Clerk position became available for application—Sergeant Jackson stated Plaintiff could not get it even if she applied due to her complaint with the EEOC.

26.     On or about December 28, 2013, Sergeant Jackson refused to allow Plaintiff the day off for New Years despite a memorandum being issued to all employees that there was no work that day.

27. Both Major Flowers and Sergeant Jackson continued to berate her in front of her peers and "paper" her file with unjustified and retaliatory write-ups—these write-ups immediately ceased upon Defendants transfer to different unit.

28. Sergeant Jackson would reprimand Plaintiff for speaking Spanish and told her she was not allowed to speak that way.

29. Further, subsequent to Plaintiff withdrawing the first EEOC charge, she was placed in an interrogation room where suspects are interrogated and was questioned and harassed for hours by HPD officers regarding her EEOC complaint—this was done at the direction of Major Flowers and Sergeant Jackson and despite their knowledge that Plaintiff was represented by counsel and requested counsel be present.

30. Defendants have, and continue to, retaliate against Plaintiff for her EEOC complaint against the HPD—Plaintiff was told that no matter what, Flowers and Jackson would guarantee that she never leaves the record department and to this date they have made good on that promise.

## COUNT I
## VIOLATION OF TITLE VII
## DISCRIMINATION BASED ON SEX

31. This is an action brought pursuant to Title VII against Defendant CITY OF HIALEAH.

32. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above.

33. Plaintiff is a female and is a member of a protected class pursuant to Title VII.

34. Plaintiff was subjected to adverse employment action when she was demoted from her position as Crime Scene Technician to Clerk Typist I—Plaintiff was demoted by Defendant, Major Flowers, a black non-Hispanic male.

35. Defendant replaced Plaintiff with a black non-Hispanic male who had less experience and qualifications than Plaintiff; and

36. Plaintiff was qualified to do the job of Crime Scene Technician and received outstanding performance evaluations.

37. Defendant discriminated against Plaintiff because of her sex in violation of Title VII.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

<u>COUNT II</u>
<u>VIOLATION OF FCRA</u>
<u>DISCRIMINATION BASED ON SEX</u>

38. This is an action brought pursuant to and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760 against Defendant CITY OF HIALEAH.

39. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 38 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

**COUNT III**
**VIOLATION OF TITLE VII**
**DISCRIMINATION BASED ON RACE**

40. This is an action brought pursuant to Title VII against Defendant CITY OF HIALEAH.

41. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 40 above.

42. Plaintiff is a white Hispanic and is a member of a protected class pursuant to Title VII.

43. Plaintiff was subjected to adverse employment action when she was demoted from her position as Crime Scene Technician to Clerk Typist I—Plaintiff was demoted by Defendant, Major Flowers, a black non-Hispanic male.

44. Defendant replaced Plaintiff with a black non-Hispanic male who had less experience and qualifications than Plaintiff; and

45. Plaintiff was qualified to do the job of Crime Scene Technician and received outstanding performance evaluations.

46. Defendant discriminated against Plaintiff because of her race in violation of Title VII.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT IV
## VIOLATION OF FCRA
## DISCRIMINATION BASED ON RACE

47. This is an action brought pursuant to Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760 against Defendant CITY OF HIALEAH.

48. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 48 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT V
## VIOLATION OF TITLE VII
## DISCRIMINATION BASED ON NATIONAL ORIGIN

49. This is an action brought pursuant to Title VII against Defendant CITY OF HIALEAH.

50. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 49 above.

51. Plaintiff is Hispanic and is a member of a protected class pursuant to Title VII.

52. Plaintiff was subjected to adverse employment action when she was demoted from her position as Crime Scene Technician to Clerk Typist I—Plaintiff was demoted by Defendant, Major Flowers, a black non-Hispanic male.

53. Defendant replaced Plaintiff with a black non-Hispanic male who had less experience and qualifications than Plaintiff; and

54. Plaintiff was qualified to do the job of Crime Scene Technician and received outstanding performance evaluations.

55. Defendant discriminated against Plaintiff because of her national origin in violation of Title VII.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT VI
## VIOLATION OF TITLE VII
## DISCRIMINATION BASED ON NATIONAL ORIGIN

56. This is an action brought pursuant to Florida Civil Rights Act of 1992 (FCRA), Florida Statutes, Chapter 760 against Defendant CITY OF HIALEAH.

57. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 56 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983
## DISCRIMINATION BASED ON SEX

58. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1983 against Defendants CITY OF HIALEAH, RALEIGH FLOWERS, and WILLIAM J. JACKSON.

59. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 58 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT VIII
## VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983
## DISCRIMINATION BASED ON RACE

60. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1983 against Defendants CITY OF HIALEAH, RALEIGH FLOWERS, and WILLIAM J. JACKSON.

61. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 60 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT IX
## VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983
## DISCRIMINATION BASED ON NATIONAL ORIGIN

62. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1983 against Defendants CITY OF HIALEAH, RALEIGH FLOWERS, and WILLIAM J. JACKSON.

63. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 62 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT X
## RETALIATION IN VIOLATION OF TITLE VII

64. This is an action brought pursuant to Title VII against Defendants CITY OF HIALEAH.

65. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 64 above.

66. On July 17, 2013, Plaintiff engaged in a statutorily protected activity by filing a charge for discrimination against HPD with the EEOC.

67. On September 20, 2013, Plaintiff and Defendant, CITY, entered into a settlement agreement—Defendant, CITY, explicitly agreed not to retaliate against Plaintiff for filing the EEOC charge.

68. Subsequent to the abovementioned resolution, Defendant CITY breached the agreement and violated Title VII by engaging in a series of retaliatory acts against Plaintiff.

69. Said retaliatory acts included daily harassment of Plaintiff by her superiors—Major Flowers and Sergeant Jackson made a concert effort to keep Plaintiff from advancing her career.

70. Major Flowers and Sergeant Jackson told Plaintiff she would never ever be leaving the records department because of her EEOC charge against the HPD.

71. Plaintiff was told that she need not even apply for other positions because Sergeant Jackson would not let that happen.

72. One day, Plaintiff was at work when Commander Clavijo came to her and snapped his fingers and said "let's go." While in the elevator, Commander Clavijo told her "don't be scared" right before placing her in an interrogation room specifically designated for suspects in criminal investigations.

73. Plaintiff was left in the interrogation room alone for an extended period of time before Melissa Negron (attorney for the HPD and coincidentally the Director of Human Relations at HPD and coincidentally the attorney present at the EEOC mediation) came in a began to interrogate her about her EEOC charge.

74. Plaintiff repeatedly stated that she was represented by counsel in that matter and wanted her attorney present—Melissa Negron knew Plaintiff was represented since she was the

one there at the EEOC mediation and further knew Defendant, CITY's obligations under the agreement and certainly knew the provisions and laws against retaliation.

75. Despite Plaintiff's repeated requests for her attorney to be present during the interrogation, Melissa Negron proceeded to demand that Plaintiff make statements about the charges of discrimination—this was all done after the matter had supposedly been resolved and was in retaliation for her statutorily protected EEOC charge.

76. Sergeant Jackson and Major Flowers continued to retaliate by papering her file with unjustified disciplinary actions—curiously enough, since the two superiors left the department, Plaintiff has not received a single write-up.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT XI
## RETALIATION IN VIOLATION OF § 1983

77. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1983 against Defendants CITY OF HIALEAH, RALEIGH FLOWERS, and WILLIAM J. JACKSON.

78. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 77 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY, RALEIGH FLOWERS, and WILLIAM J. JACKSON for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## COUNT XII
## RETALIATION IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992 (FCRA)

79. This is an action brought pursuant to the Florida Civil Rights Act of 1992 (FCRA) against Defendants CITY OF HIALEAH.

80. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 79 above.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY for all damages to which she may be entitled, including, without limitation:

A. Reinstatement.

B. Back pay plus interest.

C. Front pay.

D. Compensatory damages.

E. Punitive Damages.

F. Reasonable attorney fees and costs of this action.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable as of right.

*Respectfully submitted,*

**CORONA LAW FIRM, P.A.**

**3899 NW 7th Street, 2nd Floor**
**Miami, Florida 33126**
**Telephone: (305) 266-1150**
**Facsimile: (305) 266-1151**
**Primary Email: amorgado@coronapa.com**
**Second Email: crm@coronapa.com**

**By: /s/ Allyson Morgado**
**ALLYSON MORGADO, ESQ.**
**Florida Bar No.: 91506**
**RICARDO R. CORONA, ESQ.**
**Florida Bar No.: 111333**