UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-CV-25156-KMW

LOURDES LIANET ALFARO,

    Plaintiff,

v.

CITY OF HIALEAH, *et. al.*,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Defendant City of Hialeah's (the "City") motion to dismiss (DE 9); Defendant William J. Jackson's motion to dismiss (DE 17); and Defendant Raleigh Flowers' motion to dismiss (DE 19). Plaintiff Lourdes Lianet Alfaro filed a response in opposition to the City's motion (DE 11), to Jackson's motion (DE 21), and to Flowers' motion (DE 23). The City (DE 12), Jackson (DE 22) and Flowers (DE 24) all filed replies in support of their respective motions. For the reasons below, the motions to dismiss (DE 9; DE 17; DE 19) are **GRANTED** and the Complaint (DE 1) is **DISMISSED** with leave to amend.

**I.    BACKGROUND**

This is an employment discrimination case. Alfaro, a white Hispanic female, is an employee of the City's Police Department (the "Department"). (DE 1 ¶¶ 7-8, 11). Flowers, a major in the Department, is "responsible for managing and overseeing the daily operations of the Personnel Selections Unit, Police Training Bureau, Records and Data Entry Division and various other units." (DE 1 ¶ 11). Jackson, a sergeant in the Department, is "responsible for managing and overseeing the daily operations of the

1

Records and Data Entry Division" and was, during the time relevant to this lawsuit, Alfaro's "immediate supervisor." (DE 1 ¶ 12).

On January 3, 2006, Alfaro began working for the Department as a "Clerk Typist I" in the Records Unit. (DE 1 ¶ 18). She received a promotion to "Crime Scene Technician" in December 2012. (DE 1 ¶ 19). Less than five months later in April 2013, Flowers—who replaced the major who had promoted Alfaro—demoted Alfaro back to "Clerk Typist I." (DE 1 ¶¶ 19-20). Alfaro alleges that Flowers, a "black non-Hispanic male," then filled the "Crime Scene Technician" position with "a less qualified black, non-Hispanic male." (DE 1 ¶ 21).

In July 2013, three months after her demotion, Alfaro filed an Equal Employment Opportunity Commission ("EEOC") discrimination charge. (DE 1 ¶ 22). Two months later, the EEOC charge "was settled in mediation." (DE 1 ¶ 23). Despite the apparent conclusion of the EEOC proceeding, Alfaro claims that she continued to experience various forms of retaliation: Jackson told her she would never be recommended for supervisor positions and then failed to recommend her for one such position that came open in December 2013 (DE 1 ¶¶ 24-25); Jackson "refused to allow [Alfaro] the day off for New Years despite a memorandum being issued to all employees that there was no work that day" (DE 1 ¶ 26); Flowers and Jackson "continued to berate [Alfaro] in front of her peers and 'paper' her file with unjustified and retaliatory write-ups" that ceased when Flowers and Jackson were transferred to a different unit (DE 1 ¶ 27); Jackson "would reprimand [Alfaro] for speaking Spanish" (DE 1 ¶ 28); Alfaro "was placed in an interrogation room . . . and was questioned and harassed for hours by [Department] officers regarding her EEOC complaint . . . at the direction of Major Flowers and

Sergeant Jackson" (DE 1 ¶ 29); and Alfaro "was told that no matter what, Flowers and Jackson would guarantee that she never leaves the record department" (DE 1 ¶ 30). On January 17, 2014, Plaintiff filed a second charge of discrimination with the EEOC, which she also filed with the Florida Commission on Human Relations. (DE 1 ¶ 14). On November 9, 2016, the EEOC issued a notice of the Plaintiff's right to sue in connection with the second charge. (DE 1 ¶ 15).

Alfaro brought this lawsuit on December 12, 2016. (DE 1). She alleges eight causes of action—Counts 1, 2, 3, 4, 5, 6, 10, and 12—against the City for retaliation and employment discrimination based on gender, race, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.11-760.11, 509.092. She also alleges four causes of action—Counts 7, 8, 9, and 11—against the City, Flowers, and Jackson for retaliation and employment discrimination, purportedly in violation of 42 U.S.C. § 1983.

## II. LEGAL STANDARD

A pleading must contain a "plain statement of the claim showing the pleader is entitled to relief." *Iqbal,* 556 U.S. at 677-678 (quoting Fed. R. Civ. P. 8(a)(2)). This plain statement must present "each claim founded on a separate transaction or occurrence . . . in a separate count or defense." Fed. R. Civ. P. 10(b). This requirement is intended to afford defendants "adequate notice of the claims against them and the grounds upon which each claims rests." *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678

3

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007)(quoting *Twombly*, 550 U.S. at 545).

### III. ANALYSIS

The City, Jackson, and Flowers all argue for dismissal because Alfaro's Complaint is a shotgun pleading that violates Rules 8 and 10 and, as to the § 1983 claims, because the Complaint fails to allege any underlying violations giving rise to such claims.[1] The Court agrees with these arguments and dismisses the Complaint with leave for Alfaro to amend consistent with this Order.

---

[1] The City also argues that Counts 1 through 6 must be dismissed with prejudice because Alfaro waived all claims in connection with her December 2012 demotion by settling them in the mediation that ended her first EEOC charge. Because of the manner in which the Complaint is organized, the Court cannot determine which facts form the basis for her discrimination claims: the demotion that was the basis for Alfaro's

4

The allegations in a complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). "A 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." *P&M Corp. Fin., LLC v. Law Offices of David J. Stern, P.A.*, No. 0:15-CV-60736-KMM, 2016 WL 1045826, at *2 (S.D. Fla. Mar. 16, 2016) (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "It forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted." *Id.* (citing *Anderson*, 77 F.3d at 366). "[T]he Eleventh Circuit recently reaffirmed its 'thirty-year salvo of criticism aimed at shotgun pleadings,' explaining that '[t]he most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive

---

first EEOC charge, or Defendants' actions after that first EEOC charge settled. If Alfaro is claiming that the demotion itself gives rise to independent causes of action pursuant to Title VII and the FCRA, the record at summary judgment could well reflect that she has waived those claims. *See, e.g. Morey v. McDonald*, No. 8:16-CV-3232-T-23AEP, 2017 WL 2812697, at *3 (M.D. Fla. June 29, 2017) ("The waiver of a Title VII claim is closely scrutinized, and in determining whether a waiver is 'knowingly' and 'voluntarily' signed, the 'totality of the circumstances' are examined."); *see also Puentes v. United Parcel Serv., Inc.*, 86 F.3d 196, 198 (11th Cir. 1996) ("When an employee knowingly and voluntarily releases an employer from liability for Title VII and § 1981 claims with a full understanding of the terms of the agreement, he is bound by that agreement."). However, Alfaro has not waived claims any claims based on events occurring after the settlement of the first EEOC charge. *See Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 906 (11th Cir. 1987) (An employee cannot prospectively waive her Title VII rights, or by analogy her FCRA rights, "because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate."). Accordingly, at this juncture and without the benefit of a properly pled Complaint, the Court does not consider the City's argument that Alfaro has waived the claims contained in Counts 1-6.

5

count to carry all that came before and the last count to be a combination of the entire complaint.'" *Id.* (alterations omitted) (quoting *Weiland*, 792 F.3d at 1320–21). This kind of shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Alfaro's Complaint is a quintessential "shotgun pleading" because each Count re-alleges and incorporates all previous paragraphs in violation of Rules 8(a) and 10(b). Although re-alleging and incorporating allegations from one count into subsequent counts does not automatically render a complaint defective, here Plaintiff's shotgun pleading causes significant confusion regarding which allegations support each Count. For example, each of Alfaro's claims pursuant to 42 U.S.C. § 1983 against the City, Flowers, and Jackson, all incorporate claims against the City brought pursuant to Title VII and the FCRA. Further, each of Alfaro's retaliation claims, Counts 10 through 12, incorporates her discrimination claims. Thus, the Complaint does not appropriately specify which allegations are the basis for each claim, handicapping both Defendants' and the Court's ability to address the Parties' arguments and warranting dismissal without prejudice pursuant to Rules 8 and 10. *See Weiland*, 792 F.3d at 1320.

Alfaro responds that even if her Complaint is a shotgun pleading, dismissal is inappropriate because Defendants moved to dismiss instead of for a more definite statement. Regardless of which Rule 12 motion is most appropriate when a defendant faces a shotgun pleading, the Court finds dismissal of the entire Complaint appropriate because it is unable to discern with certainty which facts in the Complaint support which causes of action. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1297 n.10 (11th Cir. 2002) ("Shotgun pleadings, if tolerated, harm the

6

court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.").[2] Instead of alleging a bevy of facts and incorporating all facts by reference into each count, any amended complaint must specify the facts upon which each individual cause of action relies. Fed. R. Civ. P. 8, 10.

Defendants also ask the Court to dismiss Alfaro's § 1983 claims—Counts 7, 8, 9, and 11—pursuant to Rule 12(b)(6) because the Complaint does not allege sufficient underlying violations of Alfaro's rights. *See Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998) ("To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."). The Court agrees. To the extent Alfaro's shotgun Complaint can be interpreted as asserting any coherent basis for the § 1983 claims, it is Defendants' alleged Title VII violations. (DE 1 ¶¶ 59, 61, 63, 78). "Of course, an allegation of a Title VII violation cannot provide the sole basis for a § 1983 claim." *Arrington*, 139 F.3d at 872. This is because "the

---

[2] Separately, in arguing that her employment discrimination claims are not subject to dismissal pursuant to Rule 12(b)(6), Alfaro misguidedly cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), for the proposition that she need only plead the basic elements of employment discrimination to survive a motion to dismiss. *See McCone v. Pitney Bowes, Inc.*, 582 F. App'x. 798, 800 n.4 (11th Cir. 2014) ("We note that *Twombly* effectively overruled *Swierkiewicz* when it rejected the old standard for dismissal set out in *Conley v. Gibson*.") (citation omitted). Since *McCone*, the Eleventh Circuit has confirmed that "[t]o state a claim . . . under Title VII, the 'plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.'" *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir. 2006). In light of this precedent, the Court is skeptical that the level of factual detail in Alfaro's Complaint could support a plausible employment discrimination claim; any amended complaint should include substantially more detail. Nevertheless, because the Court cannot determine which facts support which causes of action, Alfaro's employment discrimination claims are dismissed pursuant to Rule 8 and Rule 10, not Rule 12(b)(6).

7

enforcement provisions expressly created in Title VII provide the exclusive remedy for employment discrimination suits premised solely on its violation. . . . The precisely drawn, detailed enforcement structure of [Title VII] must be deemed to preempt the earlier general remedial statute [§ 1983]." *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990).

Alfaro responds that, despite the fact that her Complaint does not include any such allegations, the Defendants' violations of the Equal Protection Clause of the Fourteenth Amendment are the constitutional basis for her § 1983 claims. For this proposition, she relies on *Busby v. City of Orlando*, where the Eleventh Circuit found that a plaintiff had alleged a § 1983 claim, despite the plaintiff's labeling of that claim as for "Wrongful Termination in Violation of Public Policy, Termination of a Whistle Blower," because the plaintiff had "claimed deprivation of her job under color of law on the basis of her race." *Busby*, 931 F.2d 764, 771 n.4 (11th Cir. 1991). In contrast, Alfaro's Complaint alleges only discrimination, not any deprivation of Alfaro's property rights. Indeed, the Complaint alleges Alfaro remains employed by the City. Thus, *Busby* is wholly inapposite and *Arrington*'s rule that "a Title VII violation cannot provide the sole basis for a § 1983 claim" is additional grounds for dismissal of Counts 7, 8, 9 and 11 pursuant to Rule 12(b)(6). *Arrington*, 139 F.3d at 872.[3]

---

[3] The individual defendants make several additional arguments the Court does not rely on here. Jackson argues that the § 1983 claims should be dismissed as alleged against him because the Complaint does not allege any adverse employment action. The Court declines to consider this Title VII argument because § 1983 claims cannot rest solely on Title VII violations. *See Arrington*, 139 F.3d at 872. Both individual defendants argue that the § 1983 claims should be dismissed on qualified immunity grounds, but the Court declines to consider these arguments because the Complaint does not properly allege a § 1983 cause of action against which Jackson or Flowers may receive qualified immunity. Finally, Flowers argues that Count 11 for § 1983 retaliation should be

## IV. CONCLUSION

For the reasons above, Defendants' motions to dismiss (DE 9; DE 17; DE 19) are **GRANTED** and the Complaint is **DISMISSED** with leave for Alfaro to file an amended complaint consistent with this Order by **October 12, 2017.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 29th day of September, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

dismissed because Alfaro has not exhausted her administrative remedies against him, but the Court declines to address this argument on the limited record available at this stage.

9